Roosevelt YOUNG

v.

Abraham A. RIBICOFF, Secretary of
Health, Education and Welfare.

Civ. A. No. 7915.

United States District Court
W. D. Louisiana,
Alexandria Division.

May 1, 1961.

C. O. Brown, Alexandria, La., for plaintiff.

T. Fitzhugh Wilson, U. S. Atty.,
Shreveport, La., for defendant.

HUNTER, Judge.

This is an action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), to review a "final decision" of the Secretary of Health, Education and Welfare.

Plaintiff's application was denied initially, and on reconsideration it was again determined that the medical findings did not show that plaintiff was under the requisite disability.

Plaintiff thereafter requested a hearing before a hearing examiner, and the hearing was held on November 5, 1959. After considering the case de novo, the hearing examiner rendered a decision on December 16, 1959, holding that plaintiff was not entitled to the benefits for which he had applied.

The decision of the hearing examiner became the "final decision" of the Secretary in this case when the Appeals Council, on May 10, 1960, denied plaintiff's request for review. This decision, if supported by substantial evidence, may not be overturned on review by this Court.

### The Issue

The issue in this case is whether there is substantial evidence in the record to support the decision of the Secretary that plaintiff failed to establish that he is entitled to a so-called "disability freeze" under Section 216(i) of the Social Security Act, or to disability insurance benefits under Section 223 of the Act, 42 U.S. C.A. §§ 416(i), 423.

### Conclusion

Here, the plaintiff is admittedly not permanently disabled. Here, the plaintiff has never been permanently dis-

abled. This is conceded by plaintiff. Here, the plaintiff is asking for relief for admitted temporary disability. He has neither asked for nor endeavored to prove himself eligible for the only disability benefits provided by the Act: those arising from an inability to engage in substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. The decision of the hearing examiner must be affirmed. It is. Defendant's motion for summary judgment should be granted. It is.